UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRUCE E. GAMBILL JR.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C12-6004 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO PROCEED *IN FORMA PAUPERIS* AND FOR TEMPORARY RESTRAINING ORDER, AND DISMISSING COMPLAINT |

　　This matter comes before the Court on a motion to proceed *in forma pauperis* (Dkt. 1) and a motion for temporary restraining order ("TRO") (Dkt. 1-1) filed by Plaintiff Bruce E. Gambill ("Mr. Gambill").  The Court has considered the pleadings filed in support of the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

**I. PROCEDURAL & FACTUAL BACKGROUND**

　　On November 23, 2012, with his complaint (Dkt. 1-1 and 1-3), Mr. Gambill filed both a motion to proceed in forma pauperis (Dkt. 1) and an "emergency" motion (Dkt. 1-1), apparently seeking to enjoin the completion of a foreclosure sale of his home and to

stop all other alleged wrongs that have been committed against him by numerous defendants. Dkt.1-1.

## II. DISCUSSION

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading in forma pauperis . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). Moreover, the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307 (1989) (there is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

The allegations in Mr. Gambill's complaint and TRO are not clear, though his complaint, TRO and attachments are rather voluminous. *See* Dkts. 1, 1-1, and 1-3. To the best of the Court's understanding, it appears some of Mr. Gambill's allegations are

similar to those he has filed previously with this Court. He appears to allege Racketeering Influenced and Corruptions Organizations ("RICO") violations, what he terms "color of law" violations, but he also includes many factual allegations or phrases, which do not amount to ascertainable causes of action. He maintains the wrongs against him began with what he alleges was a "criminally induced forced illegal filing of chap. 7" bankruptcy in Case No. 01-42761, which Mr. Gambill calls the "parenting case to all of the rest." *See* Dkt. 1-1 at 2.

From his complaint and various documents submitted to the Court, it is also not clear who Mr. Gambill's allegations are against or which allegations are against whom. One of his documents entitled "Complaint" (Dkt. 1-1) contains a list, including agencies, commissions and parts of the state and federal judiciaries that have apparently contributed to his alleged injuries. However, he does not clearly name them as defendants in connection with specific cognizable causes of action. In another document entitled "Statement of Claim," he alleges that he has been injured by attorneys, potentially those involved in his declaration of bankruptcy as well as his divorce, and other individuals. *See* Dkt. 1-3. Mr. Gambill seeks two million five-hundred thousand dollars ($2,500,000.00) in damages, resulting from the numerous, and mostly unintelligible wrongs allegedly committed against him. Dkt. 1-2.

In sum, Mr. Gambill's submissions are almost entirely incomprehensible. *See* Dkts. 1, 1-1, and 1-3. Pleadings must meet the standards set out in Fed. R. Civ. P. 8, which requires:

1         (a) Claim for Relief. A pleading that states a claim for relief must contain:
2            (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no
3     new jurisdictional support;
           (2) a short and plain statement of the claim showing that the pleader
4     is entitled to relief; and
           (3) a demand for the relief sought, which may include relief in the
5     alternative or different types of relief.

6 Filing large volumes of documents, as Mr. Gambill did, actually detracts from the Court's

7 ability to discern legitimate causes of action and to determine whether such claims are

8 within this Court's jurisdiction to decide.  Put another way, a court need not examine the

9 entire file for facts or evidence to determine if there is a cause of action, where the same

10 is not set forth in pleadings with adequate references so that the Court can reasonably

11 determine whether the suit may proceed or what relief, if any, it can grant.  *See Carmen*

12 *v. San Francisco Unified School District*, 237 F.3d 1026, 1031 (9th Cir. 2001) (principle

13 that the Court need not comb through scores of documents to determine if the suit may

14 proceed, used in the context of a summary judgment motion). This is true even when a

15 party appears *pro se*.  *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

16     Based on Mr. Gambill's incomprehensible submissions, the Court finds his

17 allegations have no arguable basis in law or fact.  The Court finds that the complaint is

18 legally "frivolous" and Mr. Gambill fails to adequately assert any ground to invoke this

19 Court's jurisdiction.

20

21

22

ORDER - 4

## III. ORDER

Therefore, the Court **DENIES** Gambill's motion to proceed *in forma pauperis* (Dkt. 1) and his motion for a TRO (Dkt. 1-1), and dismisses his complaint for lack of jurisdiction. The Clerk is directed to strike all other pending motions in this case and close it.

Dated this 12th day of December, 2012.

BENJAMIN H. SETTLE
United States District Judge